# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

```
IN RE:                                  )
                                        )
SAMUEL KENNEGTH BEAUMONT, SR.,          ) Case No. CIV-08-346-FHS
                                        )
    Debtor,                             )
                                        )
SAMUEL KENNEGTH BEAUMONT, SR.,          )
                                        )
    Plaintiff-Appellant,                )
                                        )
v.                                      ) Bankr. No. 05-72121
                                        ) Adversary No. 07-08023
UNITED STATES OF AMERICA,               ) Chapter 7
ex rel., DEPARTMENT OF VETERANS         )
AFFAIRS,                                )
                                        )
    Defendant-Appellee.                 )
```

**OPINION AND ORDER**

Plaintiff-Appellant, Samuel Kennegth Beaumont, Sr. ("Beaumont"), appeals from a final judgment issued by the United States Bankruptcy Court for the Eastern District of Oklahoma in the underlying Adversary Proceeding. In that judgment, the Bankruptcy Court determined that the recoupment and offset of Beaumont's disability benefits by Defendant-Appellee, the United States of America, ex rel., Department of Veterans Affairs ("VA"), did not violate the automatic stay provision of 11 U.S.C. § 362 nor the discharge order entered in Beaumont's bankruptcy case under 11 U.S.C. § 524. Having fully reviewed the parties' respective briefs, this Court affirms the decision of the Bankruptcy Court.

1

As framed by the parties, the lone issue before this Court on review is whether the Bankruptcy Court erred when it held that the VA's reduction of Beaumont's veteran's disability benefits was a "recoupment" of overpayments made by Beaumont rather than the collection of a "debt" owed by Beaumont subject to the automatic stay and discharge order entered in Beaumont's bankruptcy case. The facts necessary for the resolution of this issue have been stipulated to by the parties. These stipulated facts have been set forth in detail in the Bankruptcy Court's August 7, 2008, Opinion and the parties' respective briefs. A brief summary of these facts is all that is necessary for the resolution of this appeal.

Beaumont is a disabled veteran who was awarded disability benefits from the VA in 1993 pursuant to 38 U.S.C. § 1521. As part of this award, Beaumont was advised to notify the VA of any change in income as most changes would affect the monthly rate of disability benefits to be received by Beaumont. In 2001, Beaumont received a probate distribution from the estate of Earl Meadows in the amount of $285,288.00, after applicable taxes. Beaumont reported this probate distribution in his 2001 income tax returns, but the VA did not learn of this distribution until some time later. In the Spring of 2005, the VA notified Beaumont that as a result of this probate distribution he owed the VA $18,448.00 for overpaid disability benefits and that the VA intended to offset this indebtedness by reducing future disability payments to Beaumont beginning in September 2005. On May 18, 2005, Beaumont filed for bankruptcy and received his discharge on September 23, 2005. On July 16, 2007, Beaumont filed his adversary complaint in bankruptcy alleging the VA had

2

violated the automatic stay and the discharge order by collecting on a pre-petition debt owed by Beaumont to the VA by withholding post-petition benefits owed to him. The VA continued to offset the indebtedness throughout the bankruptcy proceedings and it appears that most of the $18,448.00 allegedly owed by Beaumont had been offset by the VA at the time the Bankruptcy Court issued its August 7, 2008, Opinion and Judgment.[1]

The Bankruptcy Court determined that the VA properly recouped the overpayment from Beaumont's benefits throughout his bankruptcy and continuing after he received his discharge. For substantially the same reasons set forth in the Bankruptcy Court's well-reasoned and authoritative analysis, this Court agrees and concludes the VA did not violate either the automatic stay provision of 11 U.S.C. § 362 or the discharge order under 11 U.S.C. § 524 by recouping and offsetting Beaumont's disability benefits. In sum, this Court agrees with the Bankruptcy Court's conclusion that there has been no violation of either the automatic stay or discharge injunction. As the Bankruptcy Court properly concluded, the recoupment doctrine applies given the fact that Beaumont's obligation to repay arose from the "same transaction" as his claim for pension benefits. See Aetna U.S. Healthcare, Inc. v. Madigan (In re Madigan), 270 B.R. 749 (B.A.P. 9th Cir.2001) and City of Fort Collins v. Gonzales (In re Gonzales), 298 B.R. 771 (Bankr. D. Colo. 2003). Thus, the VA's reduction of Beaumont's disability benefits was properly classified as a "recoupment" of overpayments and not a "debt"

---

[1] In its appellate brief, the VA notes its belief that it has now recouped the entire $18,448.00 overpayment and that Beaumont's disability benefits have resumed.

3

owed by Beaumont.[2] As aptly noted by the Bankruptcy Court, under these circumstances "it would be inequitable for [Beaumont] to receive his inheritance, continue to receive benefits as if his income was zero, then be able to discharge in bankruptcy the overpayments once it was determined that he had been overpaid." Bankruptcy Opinion at 7.

Based on the foregoing reasons, this Court orders that the August 7, 2008, Opinion and Judgment of the Bankruptcy Court should be affirmed in its entirety.

It is so ordered this 29th day of December, 2008.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[2] Given this finding that the recoupment doctrine was properly applied, this Court concludes there is no reason to address the VA's alternative argument, and Beaumont's objection to the assertion of such an argument, that even if the overpayment is classified as a "debt," the overpayment is not dischargeable in Beaumont's bankruptcy due to applicable exceptions to the discharge.